IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 12891 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Katrina T. appeals the Commissioner's decision finding her not disabled. For the reasons set forth below, Plaintiff's motion to reverse or remand the Commissioner's decision [11] is denied and Defendant's motion for summary judgment [14] is granted. The Commissioner's decision is affirmed. Civil case terminated.

**Background**

On October 29, 2021, Katrina T. protectively filed applications for Social Security Disability (Title II) and Supplemental Security Income (Title XVI). Both applications alleged disability beginning April 18, 2021 based on lumbar disc disease with prior back surgery and leg numbness. R. 36. The applications were denied initially on September 22, 2022, and upon reconsideration on May 11, 2023. R. 36. Plaintiff requested a hearing, and on December 5, 2023, ALJ Janet Akers held an administrative hearing at which Plaintiff appeared and testified, represented by her attorney. R. 36, 53. On January 3, 2024, the ALJ found Plaintiff not disabled. R. 33. Plaintiff timely requested Appeals Council review, but the Appeals Council denied Plaintiff's request for review on November 8, 2024. R. 1. Therefore, the ALJ's decision became the Commissioner's final decision. Plaintiff then filed the instant appeal.[2]

---

[1] Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), is automatically substituted for Leland Dudek as the defendant in this suit.

[2] The Court notes that Plaintiff's reply brief contained no substantive response to the arguments made by the Commissioner and only referred to the arguments made in her opening brief.

**Analysis**

"ALJs are 'subject to only the most minimal of articulation requirements'— an obligation that extends no further than grounding a decision in substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Here, the ALJ found Plaintiff remained insured under Title II through December 31, 2026. R. 39. At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity after April 18, 2021, the alleged onset date. *Id*. At step two, she found Plaintiff's post lumbar laminectomy syndrome was a severe impairment. *Id*. At step three, she found Plaintiff did not meet or equal any listings. R. 40. At step four, she found Plaintiff had the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she can frequently push and pull with the right lower extremity; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders, ropes, or scaffolds. The claimant must avoid extreme cold, working with heavy machinery and unprotected heights. The claimant uses a handheld assistive device such as a cane for ambulation and balance.

R. 42. The ALJ found Plaintiff was unable to perform past relevant work as a fast-food manager and deliverer. R. 46. At step five, the ALJ found there were other jobs in significant numbers in the national economy that Plaintiff could perform as a charge account clerk, order clerk, or document preparer. R. 47. Therefore, the ALJ found Plaintiff was not disabled. R. 48.

Plaintiff argues that the "RFC was not supported by substantial evidence, as the ALJ failed to explain [the] medical necessity of Plaintiff's need for a cane versus a walker or a wheelchair." (Pl.'s Br., Dkt. # 11, at 8.) According to Plaintiff, while the RFC included that Plaintiff use a "handheld assistive device such as a cane for ambulation and balance," the evidence supports the need for a walker and/or a wheelchair, (Pl.'s Br., Dkt. # 11, at 9-10) (citing evidence that Plaintiff used a walker or a wheelchair), which the ALJ failed to adequately address.

As an initial matter, Plaintiff must do more than assert that the ALJ's RFC assessment was incorrect, she must demonstrate that the use of a walker or a wheelchair was required. Social Security Ruling ("SSR") 96-9p states:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

1996 WL 374185, at *7 (July 2, 1996). Plaintiff points to an April 2023 emergency department note stating that Plaintiff reported using a walker or cane, depending on pain levels, (R. 751), and that when making a call to the doctor on Plaintiff's behalf, Plaintiff's mother noted that Plaintiff was having pain and used a walker. (R. 618.) Plaintiff also notes that after a visit to the emergency room, a wheelchair was recommended "until [Plaintiff's] pain was better controlled."

But pointing to medical records documenting that Plaintiff reported to medical providers that she used a walker on occasion or noting that a wheelchair was recommended after an emergency-room visit "until the pain was better controlled" do not render the ALJ's RFC determination unsupported by substantial evidence. *See e.g.*, *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) ("Establishing the existence of an impairment is not enough. The claimant must present evidence of limitations affecting their capacity to work.") (citation omitted). The ALJ appropriately addressed Plaintiff's need for an assistive device. In assessing Plaintiff's RFC, the ALJ stated that after a fall down the stairs, "[o]n April 21, 2021, [Plaintiff] underwent a right L5-S1 hemilaminectomy and decompression," and had a 5-day hospital stay. (R. 43.) The ALJ then summarized Plaintiff's subsequent medical visits over the next two years, through October 2023. The ALJ recognized that medical providers observed Plaintiff walking with a cane and examination findings often revealed antalgic gait and reduced strength in the right leg. (R. 41, 43-45) (referring to R. 396, 412-13, 419-21, 425, 627, 697, 709, 996-97, 1005-06). Notably, the ALJ rejected the state agency medical consultant's determination that Plaintiff could engage in light work with certain restrictions, finding that Plaintiff was more limited: "Although records show that [Plaintiff] is occasionally able to ambulate without a cane, due to [Plaintiff's] reduced right extremity strength, she would not be able to sustain six hours of standing/walking in an eight-hour day, *nor would she be able to ambulate safely without the use of a cane*." (R. 46.) (emphasis added).

Plaintiff faults the ALJ for not addressing Plaintiff's purported need for a walker or a wheelchair as opposed to a cane but does not point to any medical documentation establishing that

3

Plaintiff required a walker or wheelchair versus a cane. The ALJ summarized Plaintiff's relevant medical history, addressed this latter recommendation regarding a wheelchair and expressly noted that "[r]ecords show [Plaintiff] was not using a wheelchair approximately two weeks later." (R. 44.) Further, while Plaintiff appeared at the hearing using a walker, the ALJ's decision notes that "[Plaintiff] stated [during the hearing] that she uses a walker at all times for balance and that she trips at least once a day despite never reporting to using a walker—only a cane." (R. 42) (emphasis added). Thus, contrary to Plaintiff's argument that the ALJ did not grapple with the evidence regarding her need for a walker or a wheelchair, the ALJ directly addressed each of these issues to the extent that they were raised by the record. Importantly, Plaintiff fails to point to record evidence that the ALJ did not consider.[3]

The ALJ appropriately summarized the medical evidence, addressed Plaintiff's restrictions, and developed an RFC reflecting those restrictions that were supported by the substantial evidence. Accordingly, Plaintiff's request to vacate the Commissioner's decision and remand for further administrative proceedings is denied.

**Date**: July 15, 2025

**M. David Weisman**
**United States Magistrate Judge**

---

[3] Plaintiff does not contest the ALJ's determination regarding the intensity or persistence of Plaintiff's pain, thus waiving the issue. *See Sumba-Yunga v. Garland*, No. 23-3046, 2024 WL 4930396, at *3 (7th Cir. Dec. 2, 2024) ("Because Sumba-Yunga failed to address that issue, it is waived.").